United States District Court
Southern District of Texas
**ENTERED**
August 08, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| VINCENT GONZALEZ, <br> (TDCJ # 00705973), <br> <br> Plaintiff, <br> <br> vs. <br> <br> ESTATE OF GUADALUPE T. GONZALEZ, <br> *et al.*, <br> <br> Defendants. | § <br> § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. H-24-2254 <br> § <br> § <br> § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER**

Vincent Gonzalez, (TDCJ # 00705973), is currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division.  Representing himself and proceeding without prepaying the filing fee, he sues the Estate of Guadalupe T. Gonzalez, the former administrator of the Estate of Guadalupe T. Gonzalez, the former administrator of the Guardianship of Vincent Gonzalez, four attorneys who represented the Estate and the Guardianship, a successor guardian in the Guardianship, ten beneficiaries of the Estate, and Judge Bonds of Harris County Probate Court # 2.  (Docket Entry No. 1).  Proceeding under 42 U.S.C. § 1983, Gonzalez alleges that each of the defendants violated his rights to receive and control his inheritance during the probate proceedings.  (*Id.*).

Gonzalez's action is governed by the Prison Litigation Reform Act (PLRA), which requires the court to screen complaints filed by prisoners who are proceeding without prepaying the filing fee as soon as possible and dismiss those claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek monetary relief from defendants who are

immune.  *See* 28 U.S.C. § 1915(e)(2)(B).   Having conducted the required review, the court

dismisses this action, for the reasons explained below.

## I.      Background

Gonzalez is currently serving lengthy prison sentences that result from multiple convictions

in the Texas state courts.  *See* Inmate Information Search, https://inmate.tdcj.texas.gov (last visited

Aug. 5, 2024).  In his § 1983 complaint, Gonzalez alleges that he was left an inheritance by his

parents, Vicente Gonzalez, Sr., and Guadalupe T. Gonzalez.[1]  (Docket Entry No. 1, pp. 3-4).  He

alleges that the defendants conspired in the probate and guardianship proceedings to engage in

deception, extrinsic fraud, insider trading, computer and phone system hacking, and

embezzlement, all of which resulted in him losing his rightful inheritance.  (*Id.* at 4).  He seeks

both compensatory damages based on the value of the Estate assets, as well as $2 billion in punitive

damages.  (*Id.*).  He also seeks "full control" of all the assets of the Estate.  (*Id.* at 9).

## II.     The Legal Standards

### A.      Actions Under 42 U.S.C. § 1983

Gonzalez sues the defendants under 42 U.S.C. § 1983.  "Section 1983 does not create any

substantive rights, but instead was designed to provide a remedy for violations of statutory and

constitutional rights."  *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per

curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To state a valid claim under

§ 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the

---

[1]Documents in the guardianship case show that Gonzalez's parents, Vicente Gonzalez, Sr., and
Guadalupe T. Gonzalez, were killed in an automobile accident in 1975, when Gonzalez was 4 years old.
*See In re Guardianship of Vincent Gonzalez, Jr.*, Harris County Probate Case No. 133093, Harris County
Clerk Records Search, available at www.cclerk.hctx.net (visited Aug. 5, 2024).  The court appointed
guardians for Gonzalez and his two siblings, and the inherited funds were under the control of the guardians
until each child reached the age of 18.  *Id.*  The guardianship of Gonzalez ended in 1989, when he turned
18 years old.  *Id.*

United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006). Similarly, because actions by private parties are not usually taken under color of state law, claims against private actors are generally properly dismissed for failure to state a claim. *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 938-39 (1982).

### B.      The Prison Litigation Reform Act

The PLRA, which governs Gonzalez's action, requires the court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing the complaint, the court must construe all allegations "liberally in favor of the plaintiff," "take[] all facts pleaded in the complaint as true," and consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If it does not, the complaint must be dismissed, even before service on the defendants. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.      Pleadings filed by Self-Represented Litigants

Gonzalez is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

### III.     Discussion

#### A.     Statute of Limitations

Gonzalez challenges actions and rulings that occurred during the administration of the Estate of Guadalupe T. Gonzalez.  Publicly available records show that this Estate was opened in February 1977, the order approving the final accounting and distribution was entered in April 1978, and the order closing the administration of the Estate and discharging the administrator was entered in October 1978.  *See In re Estate of Guadalupe T. Gonzalez, Deceased*, Harris County Probate Case No. 144495, Harris County Clerk Records Search, available at www.cclerk.hctx.net (visited Aug. 5, 2024).  To the extent that Gonzalez's complaint could be construed as challenging actions and rulings that occurred during the administration of his guardianship, publicly available records show that the guardianship was opened in March 1975 and closed in July 1989.  *See In re Guardianship of V. Gonzalez, Jr.*, Harris County Probate Case No. 133093, Harris County Clerk Records Search, available at www.cclerk.hctx.net (visited Aug. 5, 2024). Gonzalez's claims challenging the distribution of the Estate's assets and the management of the guardianship must be dismissed because they are barred by limitations.

Because there is no federal statute of limitations for actions under § 1983, federal courts borrow the forum state's general personal injury limitations period.  *See Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019), *as revised* (July 2, 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).  "Texas has a two-year statute of limitations for personal injury claims[,]" so a civil rights plaintiff in Texas has two years from the date the claims arise to file suit.  *Balle v. Nueces County, Tex.*, 952 F.3d 552, 556 (5th Cir. 2017) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).  As a result, a Texas prisoner's claim brought more than two years after he knew or had reason to know of his injury is

5

barred by limitations and subject to dismissal under § 1915(e)(2)(B).[2] *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Gonzalez's complaint alleges that he was injured during the course of the probate proceedings when the defendants conspired against him to keep him from obtaining assets that were rightfully his.  The probate proceedings ended in 1978, but Gonzalez did not file his civil rights action until June 2024, well beyond the two-year deadline.  The records in the probate case show that Gonzalez was aware of his alleged injuries no later than September 2017, when he wrote a letter asking the probate court to appoint counsel for him so that he could pursue claims that the other heirs fraudulently obtained his assets in the probate proceedings.  *See In re Estate of Guadalupe T. Gonzalez, Deceased*, Harris County Probate Case No. 144495, Harris County Clerk Records Search, available at www.cclerk.hctx.net (visited Aug. 5, 2024).[3]  But even if this later date is used, Gonzalez's civil rights action was still filed well outside the two-year period for filing claims under § 1983.

Claims that are plainly barred by the applicable statute of limitations may be dismissed as legally frivolous.  *See Gonzalez,* 157 F.3d at 1019-20; *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993) (per curiam).  Because Gonzalez waited more than two years from the time he learned of his alleged injury to bring this action, his lawsuit is untimely and is dismissed with prejudice as barred by limitations and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2]While not controlling in this instance, the court notes that Texas law also provides a two-year limitations period for filing bills of review in probate proceedings.  *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 227-28 (Tex. 2015).

[3]Records in the guardianship case show that Gonzalez began challenging the handling of the assets during the guardianship as early as 1999.  *See In re Guardianship of Vincent Gonzalez, Jr.*, Harris County Probate Case No. 133093, Harris County Clerk Records Search, available at www.cclerk.hctx.net (visited Aug. 5, 2024).

B.     The *Rooker/Feldman* Doctrine.

Even if Gonzalez had timely filed his action, the court would dismiss it under the *Rooker/Feldman* doctrine.   The *Rooker/Feldman* doctrine bars federal district courts from considering claims that are a collateral attack on the final judgment of a state court.  *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923).  A plaintiff in federal court "cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief" if those claims are "inextricably intertwined" with a state-court judgment.  *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).  Instead, constitutional questions arising in state-court proceedings must be resolved by the state courts, with federal recourse available only through an application for a writ of certiorari to the United States Supreme Court.  *See Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Feldman*, 460 U.S. at 482 n.16; *Reed v. Terrell*, 759 F.2d 472, 473-74 (5th Cir. 1985).

The competing claims of the heirs to the distribution of the Estate assets were litigated in the state probate court.  A final judgment distributing those assets was entered by the probate court in 1978.  Gonzalez's current claims concerning his alleged rights to Estate assets are "inextricably intertwined" with the final judgment distributing the Estate's assets.  Because there is a final state-court judgment that determined Gonzalez's rights to those assets by way of inheritance, this court must give effect to that judgment.  *See* 28 U.S.C. § 1738.  The *Rooker/Feldman* doctrine deprives this court of jurisdiction to entertain Gonzalez's action attacking that state-court judgment, and his action must be dismissed with prejudice for lack of jurisdiction.

### C.     The Probate Exception to Federal Jurisdiction

Even if limitations and the *Rooker/Feldman* doctrine did not bar this court from considering Gonzalez's claims, this action would be barred by the "probate exception" to federal jurisdiction. Federal courts have recognized a "probate exception," similar to the domestic relations exception, to otherwise proper federal jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006). The probate exception bars federal-court jurisdiction over proceedings that "interfere with" state probate proceedings, assume jurisdiction over the probate, or assume control of property in the custody of the probate court. *Id.* at 311; *see also Markham v. Allen,* 326 U.S. 490, 494 (1946); *Curtis v. Brunsting,* 704 F.3d 406, 409 (5th Cir. 2013); *Lemery v. Ford Motor Co.,* 244 F.Supp.2d 720, 725-26 (S.D. Tex. 2002) (describing the history of and the rationale behind the probate exception). "In determining whether a suit in federal court 'interferes' with state probate proceedings, this court considers whether the plaintiff's claim 'implicates the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between the parties.'" *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001) (quoting *Blakeney v. Blakeney*, 664 F.2d 433, 434 (5th Cir. 1981) (per curiam)). The exception generally includes any action that would probate or annul a will or seek to dispose of property that is in the custody of a state court. *See Curtis*, 704 F.3d at 409.

In his complaint, Gonzalez asks this federal court to interfere with state probate proceedings that ended more than 40 years ago and to reconsider the probate court's rulings on the disposition of the Estate's assets. These claims are appropriate, if at all, only in the state courts. These claims are barred from being litigated in this court by the probate exception to federal jurisdiction. Gonzalez's action must be dismissed with prejudice.

**D.      The Claims Are Not Otherwise Cognizable.**

Even if this court had jurisdiction to consider Gonzalez's claims, his action would be dismissed because he does not state a valid claim under § 1983 against any of the defendants.

**1.      Claims Against Judge Bonds**

Gonzalez's claims against Judge Bonds must be dismissed because Judge Bonds is protected by judicial immunity for acts performed in the exercise of his judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir. 1996). A plaintiff may overcome judicial immunity only when either (1) the claims are based on actions that are not judicial in nature, or (2) the claims are based on actions that, although judicial in nature, are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12.

Gonzalez does not satisfy either of the exceptions to judicial immunity. Gonzalez cannot show that Judge Bonds was acting in the absence of all jurisdiction because, as the assigned judge for Probate Court # 2, he had jurisdiction over the cases in his probate court. *See* TEX. ESTATES CODE § 32.002(c) ("In a county in which there is a statutory probate court, the statutory probate court has original jurisdiction of probate proceedings."). In addition, Gonzalez does not allege facts showing that Judge Bonds's actions were not judicial in nature.

In determining whether a judge's actions were "judicial in nature," the court considers "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121,

9

1124 (5th Cir. 1993).  These factors are broadly construed in favor of immunity, and immunity may be granted even though one or more of these factors is not satisfied.  *Id.*

Gonzalez alleges that Judge Bonds violated his rights when making decisions about the distribution of the Estate assets during the probate proceedings.  The challenged decisions arise from actions taken by Judge Bonds in his official capacity as the judge of the probate court.  This fact demonstrates that the challenged actions were judicial actions for which Judge Bonds is protected by judicial immunity.  Gonzalez's claims for damages against Judge Bonds are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii) as seeking monetary relief against a defendant who is immune.

### 2.    The Claims Against the Administrators, Attorneys and Beneficiaries.

In addition to Judge Bonds, Gonzalez sues Charles Griffin, as the administrator of the Estate of Guadalupe T. Gonzalez, and William Amaimo, as the administrator of the Guardianship of Vincent Gonzalez.  He also sues four attorneys who represented the Estate at various times: David N. Longoria, A.I. Leal; Michael A. Hirsch; and Richard Snell.  He sues Victor M. Valadez, a successor guardian who allegedly represented Gonzalez's interests during a portion of the guardianship proceedings.  And he sues ten beneficiaries of the Estate:  Maria Luis Torres; Mariano Torres; Rosalinda T. Mora; Hortencia Torres; Mariela Torres Crespy; Francisco Rojas; Olga Falcon; Oflia Torres Rodriguez; Marialena Torres Arrendondo; and Juan Carlos Arrendondo. Because all these defendants are private parties rather than state actors, Gonzalez does not state a claim against them under § 1983.

Civil rights actions provide "a federal forum for claims of unconstitutional treatment at the hands of state officials" or those working in concert with them.  *Knick v. Twp. of Scott, Pa.*, 588 U.S. 180, 185 (2019) (quoting *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)); *see also Nelson v.*

10

*Campbell*, 541 U.S. 637, 643 (2004).  To state an actionable civil rights claim, a plaintiff must allege that the defendants, while acting under color of state law, deprived the plaintiffs of a right secured by the United States Constitution, or a federal statute, or both.  *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).  To act "under color of state law," the defendant must be either an officer of the state or "a willful participant in joint action with the State or its agents."  *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 319 (5th Cir. 2019) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

Gonzalez does not allege any facts showing that the attorneys, administrators, guardians, and the other beneficiaries were acting under color of state law during the course of the probate proceedings.  His claims against these defendants fail to state a claim under § 1983 upon which relief can be granted.  Even if this court had jurisdiction in this action, these claims would be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.      Claims Against the Estate

To the extent that Gonzalez sues the Estate of Guadalupe T. Gonzalez and the Estate of Vicente Gonzalez, Sr., his claims fail because, under Texas law, "a decedent's estate is not a legal entity and may not properly sue or be sued as such."  *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (cleaned up).  Instead, actions seeking to recover property of an estate must be brought by or against either an heir or the legal representative of the estate.  *See Martinez v. Foster*, No. 4:13cv59, 2017 WL 9250303, at *4 (E.D. Tex. Mar. 13, 2017).  Federal Rule of Civil Procedure 17(b) dictates that federal courts apply the law of the state where the court is located is determining the legal capacity of a party.  Because the Estates lack the capacity to be sued under Texas law, Gonzalez's claims against them are dismissed with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**E.      Motion for Appointment of Counsel**

Gonzalez has also filed a motion for appointment of counsel.  (Docket Entry No. 4).  There is no constitutional right to the appointment of counsel in civil rights cases.  *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam).  A court is not required to appoint counsel unless the case presents exceptional circumstances.  *See Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015).  To determine whether exceptional circumstances exist, the court considers (1) the complexity of the case; (2) whether the litigant can adequately present his case; (3) whether the litigant can adequately investigate his case; (4) whether skill in the presentation of evidence and in cross examination will be necessary; and (5) whether appointing counsel will aid in the efficient and equitable disposition of the case.  *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Gonzalez cannot show that exceptional circumstances exist to support the appointment of counsel when his action is barred by limitations, the *Rooker/Feldman* doctrine, and the probate exception to federal jurisdiction.  His motion seeking the appointment of counsel, (Docket Entry No. 4), is denied.

**IV.    Conclusion**

Based on the above, the court orders as follows:

1.  Gonzalez's complaint, (Docket Entry No. 1), is dismissed with prejudice as barred by limitations.

2.  Gonzalez's motion for appointment of counsel, (Docket Entry No. 4), is denied.

3.  Any other pending motions are denied as moot.

4.  Final judgment will be separately entered.

5.  This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

13

The Clerk of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on August 7, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge